FILED
JAN 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDERICK H. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **08 0174** |
| | ) | |
| MR. BRATCHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will transfer this action to the United States District Court for the Southern District of Mississippi.

Plaintiff is incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. Generally, he alleges that the facility's law library is inadequate and that staff threatened to deny him access to the library if he filed complaints against them. For these alleged violations of rights protected by the First, Fifth, Sixth and Eighth Amendments to the United States Constitution, plaintiff demands compensatory and punitive damages totalling $1,500,000,000.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects

1

of expeditiously and conveniently conducting a trial. *SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001).

Assuming without deciding that plaintiff adequately states claims against these defendants, this Court is not the proper place for their resolution. Plaintiff describes circumstances existing at FCI Yazoo City involving defendants who work there. Any potential witnesses in this case likely would be in Mississippi, which also is plaintiff's place of incarceration. The District of Columbia has no apparent connection to this case aside from being the capital of the United States where the United States Department of Justice and the Federal Bureau of Prisons maintain their headquarters. *See Boers*, 133 F. Supp. 2d at 66. Therefore, in the interests of justice, this action will be transferred. Accordingly, it is hereby

ORDERED that this civil action shall be **TRANSFERRED** to the United States District Court for the Southern District of Mississippi. Resolution of plaintiff's application to proceed *in forma pauperis* is left for the transferee court to decide.

SO ORDERED.

_____
United States District Judge

Date: January 23, 2008